IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CT-3269-F

| | |
|---|---|
| JERRY WAYNE SHARPE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| STATE OF NORTH CAROLINA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

On October 27, 2014, Plaintiff, a state inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. Compl. [DE-1]. Plaintiff has requested leave to proceed without prepayment of the full civil filing fee [DE-2]. The matter is now before the undersigned for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B).

In reviewing an *in forma pauperis* application, a court "shall dismiss" any case that is "frivolous or malicious," that "fails to state a claim on which relief can be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not dispense with the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson,

521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atlantic Com. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677-80 (2009); Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255-56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Plaintiff contends that Defendants have "refused to timely process [his] application for executive clemency." Compl. [DE-1], p. 3. His allegations fail to state a viable claim. Ohio Adult Parole Auth. v. Woodward, 523 U.S. 272 (1998) (holding that clemency decisions are generally not entitled to judicial review and that the clemency procedures at issue did not violate the Due Process Clause); Conn. Bd. of Pardons v. Dumschat, 452 U.S. 458, 465 (1981) (holding that there is no constitutionally protected interest in clemency); see also Taylor v. Hennig, No. 5:12CV00010, 2012 WL 1533169, at *2 (W. D. Va. Apr. 19, 2012) ("Clemency is an executive remedy exclusively that . . . is not subject to judicial review by a federal court."); Brunson v. City of Sumter, No. CA 3:11-2662-JFA-PJG, 2011 WL 6122624, at *3 n.1 (D.S.C. Oct. 24, 2011) ("This court cannot grant Plaintiff a pardon or clemency for state or federal crimes.").

## Conclusion

For the aforementioned reasons, Plaintiff's complaint is DISMISSED as frivolous and his pending motions [DE-6, 12] are DENIED AS MOOT. The Clerk of Court is directed to close this case.

SO ORDERED. This the 23 day of April, 2015.

_James C. Fox_
JAMES C. FOX
Senior United States District Judge